IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-5024-CV-SW-WAK |
| | ) | |
| MISSOURI & NORTHERN ARKANSAS | ) | |
| RAILROAD COMPANY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In January 2007, plaintiff Jeffrey Bates filed suit in state court against defendants Missouri & Northern Arkansas Railroad Company, Inc. (MNA), Jimmy Pimberton and Art Medley for injuries that occurred when his vehicle collied with a train in Barton County, Missouri. Defendants removed the case to federal court under 28 U.S.C. § 1441 on the basis that some or all of plaintiff's claims were completely preempted by federal law. Plaintiff sought remand, which this court granted after plaintiff filed an amended complaint removing the one claim this court found was preempted.

Thereafter, on June 21, 2007, defendant MNA moved for reconsideration of the order of remand, or in the alternative, for an order certifying for appeal the issue of the court's jurisdiction.[1] Defendant asserts that many of the issues in this case were raised in Olberding v. Union Pacific R, Co., No. 06-0041 (W.D. Mo. filed Jan. 13, 2006). In Olberding, the court recognized there was disagreement among the courts in this circuit whether the Federal Railroad Safety Act (FRSA) and the Locomotive Inspection Act (LIA) regulations were truly comprehensive and whether the Express Savings Clause in FRSA applied to the claims in that

---

[1]The order of remand was entered on June 19, 2007, and the letter transferring/remanding the case back to the Circuit Court of Barton County, Missouri, was sent on June 21, 2007, several hours before the motion for reconsideration was filed. In addition to reconsideration, defendant asks the court to notify the state court that the transfer of jurisdiction was premature and that jurisdiction of the case remains with the federal court.

case. Thus, the court in Olberding certified for an interlocutory appeal the issue of the court's jurisdiction.

After learning of that appeal, defendant MNA filed the pending motion for reconsideration because of the similarity of issues. Plaintiff responded in opposition to reconsideration, and cited 28 U.S.C. § 1447(d), which provides that an order remanding a case to state court is not reviewable on appeal or otherwise.

After researching the issues in plaintiff's response, defendant took the position that the court's remand order of June 19, 2007, was directly appealable to the United States Court of Appeals for the Eighth Circuit because it was a discretionary remand under 28 U.S.C. § 1367, rather than a remand, pursuant to 28 U.S.C. § 1447. Thus, it withdrew its alternative request for certification of an interlocutory appeal and asked the court to treat the motion for reconsideration as one for relief, pursuant to Fed. R. Civ. P. 60.

In response, plaintiff challenged defendant's position that the remand order reflected the court's decision to decline exercising supplemental jurisdiction. Plaintiff asserts the court remanded the case for lack of subject matter jurisdiction and thus, appellate review is not available. Defendant replied, the matter is now fully briefed and the motion is ready for a final ruling.

Fed. R. Civ. P. 60(b) provides for relief from an order for six specified reasons. Defendant's motion does not identify which of the enumerated reasons on which it relies, but states that the remand order is "contrary to the Eighth Circuit's decision in Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006), cert. denied, 127 S. Ct. 1149 (No. 06-528) (Jan. 22, 2007), and is in direct conflict with decisions of district courts within the Eighth Circuit holding claims substantially similar to those asserted by Plaintiff completely preempted and properly removable to federal court." (Doc. 31 at 3-4.) Thus, defendant asserts the court erred as a matter of law.

In this circuit, a motion under Rule 60(b) does not serve as a vehicle for reargument of the issues or the merits. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). It is also not a mechanism for reconsideration of issues of law previously rejected by the court. Sanders v. Clemco Industries, 862 F.2d 161, 170 (8th Cir. 1988). Therefore, to the extent defendant asks this court to reconsider the legal issue of whether the claims in this case are completely

2

preempted by federal law, defendant's motion is denied.  Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987).  Here, the court acknowledges that there is disagreement among the courts on the preemption issues, but no exceptional circumstances have been shown in this case to justify relief under Rule 60.  Further, doubts about federal jurisdiction must be resolved in favor of remand.  Hodge v. Burlington Northern & Santa Fe Ry. Co., 461 F. Supp.2d 1044, 1049 (E.D. Mo. 2006).

Nevertheless, the court does find it appropriate to clarify the statutory basis for the order of remand.  In doing so, the court also acknowledges that the appellate court will review the reasoning for the remand independently and will not treat this clarification as dispositive. Lindsey v. Dillard's, Inc., 306 F.3d 596, 598 (8th Cir. 2002).

Remands are authorized under 28 U.S.C. § 1447 and 28 U.S.C. § 1367.  The court agrees with the reasoning set forth in defendant's reply (Doc. 34), that it had federal subject matter jurisdiction at the time of the removal because one issue in the case was completely preempted by federal law.  It also had supplemental jurisdiction over the state law claims.  In deciding to remand the remaining state law claims to the state court after plaintiff amended his complaint, the court declined to exercise supplemental jurisdiction.  Therefore, the remand was discretionary and made pursuant to 28 U.S.C. § 1367.

The court further recognizes the problems which may occur because of the transfer of jurisdiction to the Circuit Court of Barton County, Missouri, and the appeal filed with the federal appellate court.  The court is aware, however, of no authorization or legal basis for notifying the state court that the transfer was premature or made in error under the circumstances of this case. The Circuit Court of Barton County, Missouri, may desire to stay further proceedings pending a decision of the appellate court or to seek some other resolution of the matter, and the parties may desire to file appropriate pleadings in that case.

The court notes that the parties were advised at the conference held on May 31, 2007, of the likely ruling of this court on the remand issue.  Defendant did not request certification of an interlocutory appeal prior to the remand order being issued on June 19, 2007, or otherwise advise

3

the court that a similar case had been recently certified for appeal. (The certification order in Olberding was issued on June 7, 2007.)

After consideration of the pending issues, it is

ORDERED that defendant Missouri & Northern Arkansas Railroad Company, Inc.'s, motion of June 21, 2007, for reconsideration of the order of remand is denied.  [31]  It is further

ORDERED that defendant Missouri & Northern Arkansas Railroad Company, Inc.'s, alternative motion of June 21, 2007, for certification of an interlocutory appeal is denied as moot.  It is further

ORDERED that the clerk of court forward a courtesy copy of this order to the Circuit Court of Barton County, Missouri.

Dated this 20th day of August, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge